UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
-----------------------------------------------------------x
In the Matter of                                         Case No.:

    LINDA SIERRA,                              Chapter 13

        Debtor,                                      MOTION
                                               TO EXTEND BANKRUPTCY STAY
                                               PURSUANT TO 11 U.S.C. Section 362(c)

-----------------------------------------------------------x

### MOTION TO EXTEND BANKRUPTCY STAY PURSUANT TO 11 U.S.C. 362(c)

UPON READING AND FILING the annexed affirmation of Glenn R. Meyers, attorney of the debtor Linda Sierra, dated May 15, 2019, and upon all proceedings had heretofore herein, it is

UPON MOTION OF THE MEYERS LAW FIRM, attorneys herein

ORDERED that all interested parties show cause why

this Motion should not be heard on July 16, 2019 at 9:30 in Room 3585 or any other time or courtroom located at the Eastern District Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York 11201 before the Honorable Elizabeth S. Stong and why an Order should not be made pursuant to 11 U.S.C. 362c(3)(b) extending the automatic stay providing for by 11 U.S.C. 362c(3)(b) pending the duration of this case or the further order of this Court and why such other and further relief should not be made and entered and it is further

That this Motion shall be heard as it is necessary for such stay to be extended to give Debtor the opportunity to properly execute a Chapter 13 Plan pursuant to the Bankruptcy Code

as the Debtor is now able to file a Plan based upon certain changes to her status, that she was not able to do so in her prior Chapter 13 case;

ORDERED that pending the hearing and determination of this application that the automatic stay is hereby extended, and it further

ORDERED that service of this Order to Show Cause shall be deemed good and sufficient service if served in accordance with the usual practices of this court

E N T E R

_____

U.S.B.J.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
ISLIP DIVISION

----------------------------------------------------------X

In the Matter of

    GLORIA MILORD,

        Debtor,

Case No.:

Chapter 13

ATTORNEY'S

AFFIRMATION

----------------------------------------------------------X

    Glenn R. Meyers, an attorney duly admitted to practice law in the court of the State of New York, hereby affirms the following to be true under the penalty of perjury pursuant to the laws and rules of the CPLR of the State of New York:

1. Your affirmant is the attorney for the Debtor and as such am fully familiar with the facts and circumstances herein. I base this affirmation upon on conversations that I have had with the Debtor, from the documents that I was given, and the documents that I read on the Eastern District Electronic Filing System.

2. On March 18, 2018, this Court dismissed a Chapter 13 case of Linda Sierra, number 15-42573. The debtor paid $45,348 over the course of the approximately 24 months of making payments.

3. The Debtor owns a co-op apartment located 160-15 Powell's Cove Blvd, Whitestone New York.

4. The vast majority of the Debtor's debts were (and are) secured and/or priority debt in the form of back maintenance, mortgage and taxes.

5. At this time, the Debtor files this Chapter 13 with a different intention. In the prior bankruptcy she wished to keep the co-op apartment located at 160-15 Powell's Cove Blvd, Whitestone New York, but at this time wishes to surrender such property in full. She will gladly sign whatever documents necessary to accomplish this task.

6. If the property was surrendered, the Debtor would only have back taxes to pay. We predict that the Debtor owes about $80,000 in back taxes and the payments would be approximately $1500 per month.

7. Without the co-op apartment the monthly living expenses for the debtor will be approximately $2500 per month less and the back mortgage would add another $1500 plus to the plan.

8. Although Debtor will have to pay rent to live at another location, the total savings will make her plan feasible at the same or similar income to the last Plan.

9. As such, this Motion is made to extend the Stay pursuant to 11 U.S.C. Section 362(c)(3) to continue the Automatic Stay for all creditors and to give us the opportunity to surrender the property.

10. In the meantime, I have instructed the Debtor to begin paying the Trustee based upon the above-referenced changes.

11. This case is filed in Good Faith. We will be filing a Plan as such.

12. I pray to this court that you allow the Debtor the chance to make this work and extend the Stay pursuant to 11 U.S.C. Section 362(c)(3).

Wherefore, we pray to this court that we have an extension of the Stay pursuant to 11

U.S.C. Section 362(c)(3) and other relief that this court deems just and proper.

s/

_____
Glenn R. Meyers
The Meyers Law Firm
30 Vesey Street, 4th Floor
New York, New York 10003
(212) 252-1212
themeyerslawfirm@gmail.com

# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

re: LINDA S SIERRA

Case No.: 115-42573-ESS

Debtor(s)

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Marianne De Rosa, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. Section 1302(b)(1). The trustee declares as follows:

The case was filed on 05/29/2015.
The plan was confirmed on 02/25/2016.
The plan was modified by order after confirmation pursuant to 11 U.S.C Section 1329 on NA.
The trustee filed action to remedy default by the debtor in performance under the plan on 12/12/2016, 11/20/2017.
The case was dismissed on 03/05/2018.
Number of months from filing or conversion to last payment: 27.
Number of months case was pending: 34.
Total value of assets abandoned by court order: NA.
Total value of assets exempted: 70,156.00.
1) Amount of unsecured claims discharged without full payment: .00.
2) All checks distributed by the trustee relating to this case have cleared the bank.

**Receipts:**

| | | |
|---|---|---|
| Total paid by or on behalf of the debtor: | $45,348.00 | |
| Less amount refunded to debtor: | $.00 | |
| **NET RECEIPTS:** | | $45,348.00 |

**Expenses of Administration:**

| | | |
|---|---|---|
| Attorney's Fees Paid Through The Plan: | $3,000.00 | |
| Court Costs: | $.00 | |
| Trustee Expenses and Compensation: | $3,225.54 | |
| Other: | $.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION:** | | $6,225.54 |

Attorney fees paid and disclosed by debtor: $2,000.00

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| BARCLAYS BANK DELAWARE | Unsecured | 1,740.00 | NA | NA | .00 | .00 |
| CAPITAL ONE BANK | Unsecured | 1,089.00 | 1,089.40 | 1,089.40 | .00 | .00 |
| MERRICK BANK | Unsecured | 1,655.00 | 1,289.79 | 1,289.79 | .00 | .00 |
| MIDLAND FUNDING LLC | Unsecured | 875.00 | NA | NA | .00 | .00 |
| NYS DEPT OF TAX & FINANCE | Secured | 7,000.00 | 6,846.91 | 6,846.91 | 4,233.30 | 932.21 |
| OCWEN LOAN SERVICING | Secured | 27,889.24 | NA | NA | .00 | .00 |
| OCWEN LOAN SERVICING, LLC | Unsecured | NA | NA | NA | .00 | .00 |
| POWELLS COVE OWNERS CORP | Secured | 21,105.88 | 21,105.88 | 21,105.88 | 14,089.69 | .00 |
| POWELL'S COVE OWNERS CORP. | Unsecured | NA | NA | NA | .00 | .00 |
| UNITED STATES DEPT OF TREASURY | Priority | 25,762.00 | 3,765.90 | 3,765.90 | 3,765.90 | .00 |
| UNITED STATES DEPT OF TREASURY | Secured | NA | 22,951.05 | 22,951.05 | 14,887.84 | 1,213.52 |
| UNITED STATES DEPT OF TREASURY | Unsecured | NA | 1,163.65 | 1,163.65 | .00 | .00 |

# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

re:  LINDA S SIERRA

Case No.: 115-42573-ESS

Debtor(s)

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY | Unsecured | NA | NA | NA | .00 | .00 |

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing: | .00 | .00 | .00 |
| Mortgage Arrearage: | .00 | .00 | .00 |
| Debt Secured by Vehicle: | .00 | .00 | .00 |
| All Other Secured: | 50,903.84 | 33,210.83 | 2,145.73 |
| **TOTAL SECURED:** | 50,903.84 | 33,210.83 | 2,145.73 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage: | .00 | .00 | .00 |
| Domestic Support Ongoing: | .00 | .00 | .00 |
| All Other Priority: | 3,765.90 | 3,765.90 | .00 |
| **TOTAL PRIORITY:** | 3,765.90 | 3,765.90 | .00 |
| **GENERAL UNSECURED PAYMENTS:** | 3,542.84 | .00 | .00 |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration: | $6,225.54 |
| Disbursements to Creditors: | $39,122.46 |
| **TOTAL DISBURSEMENTS:** | $45,348.00 |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Date:  03/30/2018          By:  /s/Marianne De Rosa

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. Section 1320.4(a)(2) applies.